UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RYAN HOUSE,                         )   No. C16-1404RSL
                                    )
                    Plaintiff,      )
        v.                          )   ORDER DENYING MOTION TO
                                    )   ENFORCE SETTLEMENT
RYAN'S HOUSE FOR YOUTH,             )
                                    )
                    Defendant.      )
_____ )

This trademark litigation was resolved by a settlement agreement and stipulation of dismissal in July 2017. Dkt. # 39. In the settlement agreement, the parties agreed that "[t]he U.S. District Court for the Western District of Washington will retain jurisdiction to enforce compliance with this Agreement." Dkt. # 39 at 6. A corresponding statement was included in the stipulation dismissing the case. Dkt. # 39 at 1. The Court did not, however, enter an order of dismissal or otherwise incorporate the settlement terms or the retention of jurisdiction into an order.

On December 8, 2017, plaintiff filed a "Motion to Enforce Settlement Agreement," asserting that defendant had failed to remove an infringing reference from its website after numerous notifications. Dkt. # 40 (replaced by Dkt. # 43-1). Despite the parties' manifest intention to have this dispute resolved in federal court, the Court lacks subject matter jurisdiction.

ORDER DENYING MOTION TO
ENFORCE SETTLEMENT

> Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir.1996) (citing Kokkonen [v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).] Rather, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement *ha[s] been made part of the order of dismissal . . . .*" Kokkonen, 511 U.S. at 381 . . . . In the event the settlement agreement is breached, the court would have *ancillary jurisdiction that arises from breach of the court's dismissal order*. Id. . . . .

K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014) (emphasis added). In this case there is no court order to enforce, and the parties cannot create subject matter jurisdiction by consent. Mitchell v. Maurer, 293 U.S. 237, 244 (1934) ("lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.").

Plaintiff's motion to enforce the settlement agreement is therefore DENIED because the Court lacks the power to hear this dispute.

Dated this 2nd day of February, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
ENFORCE SETTLEMENT                    -2-